IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC KOTHBAUER,

                Petitioner,

v.

HONORABLE STEVEN R. CRAY,

                Respondent.

OPINION and ORDER

23-cv-267-jdp

---

Petitioner Eric Kothbauer, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2019 state-court misdemeanor conviction for operating a motor vehicle with a prohibited blood-alcohol concentration. *See* Chippewa County Case No. 2016CT94. Kothbauer was sentenced to ten days in jail, he was fined, and he had his license revoked for one year with an ignition-interlock-device requirement of an additional year.

Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only when the individual seeking the writ is "in custody." 28 U.S.C. §§ 2241(c) and 2254(a). A habeas petition is moot when a prisoner has been released from custody unless there are sufficient "collateral effects" or "legal consequences." *Lane v. Williams*, 455 U.S. 624, 632–33 (1982); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Kothbauer filed this habeas petition more than three years after his conviction was entered, it appears that his sentence and the collateral effects from it have expired. His fine alone is not enough to satisfy the "in custody" requirement of the habeas statutes. *See Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). Accordingly, I will direct Kothbauer to show cause why his petition should not be

dismissed as moot: he will have to explain what legal consequences he currently faces from his conviction that he believes satisfy the in-custody requirement.

ORDER

IT IS ORDERED that petitioner may have until May 23, 2023, to show cause why his petition should not be dismissed as moot.

Entered May 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge