IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC KOTHBAUER,

                Petitioner,

v.

HONORABLE STEVEN R. CRAY,

                Respondent.

OPINION and ORDER

23-cv-267-jdp

---

Petitioner Eric Kothbauer, appearing without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2019 state-court misdemeanor conviction for operating a motor vehicle with a prohibited blood-alcohol concentration. *See* Chippewa County Case No. 2016CT94. Kothbauer was sentenced to ten days in jail, he was fined, and he had his license revoked for one year with an ignition-interlock-device requirement of an additional year.

I reviewed Kothbauer's petition and concluded that it was unclear whether he was still "in custody" under 28 U.S.C. §§ 2241(c) and 2254(a). Dkt. 4. A habeas petition is moot when a prisoner has been released from custody unless there are sufficient "collateral effects" or "legal consequences." *Lane v. Williams*, 455 U.S. 624, 632–33 (1982); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Kothbauer filed this habeas petition more than three years after his conviction was entered, it appeared that his sentence and the collateral effects from it had expired. I gave Kothbauer a chance to explain why his petition should not be dismissed as moot.

Kothbauer has responded, stating that at the time he filed his habeas petition he continued to be subject to restrictions on driving—his license is revoked, and when he regains

it he will have to use an ignition interlock device. But those restrictions are not sufficient to satisfy the "in custody" requirement. The Court of Appeals for the Seventh Circuit has concluded that although "loss of driving privileges may entail hardship . . . . suspension of driving privileges is not the sort of 'severe restraint[ ] on individual liberty' for which habeas corpus relief is reserved." *Harts v. State of Ind.*, 732 F.2d 95, 96–97 (7th Cir. 1984) (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973)). So I will dismiss Kothbauer's habeas petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Kothbauer a certificate of appealability. Kothbauer may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Eric Kothbauer's petition for a writ of habeas corpus is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered January 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge